# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: March 26, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| NORMA MONGE-LANDRY, | * | |
| | * | No. 14-853V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Interim Award; Adjustment of |
| | * | Counsel's Hourly Rates; Billing |
| Respondent. | * | of Simple Tasks; Travel Time. |
| * * * * * * * * * * * * * * * * * * | | |

Elaine W. Sharp, Whitfield, Sharp, and Sharp, LLC, Marblehead, MA, for petitioner.
Camille C. Collett, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On March 12, 2019, Norma-Monge-Landry ("petitioner") filed her first motion for interim attorneys' fees and costs. Petitioner's Interim Application ("Pet. Int. App.") (ECF No. 136). For the reasons discussed below, the undersigned hereby **GRANTS** petitioner's motion and awards a total of $173,476.39 in *interim* reasonable attorneys' fees and costs.

### I. Procedural History

Petitioner received a seasonal influenza ("flu") vaccination on September 19, 2011. On May 19, 2014, petitioner, through her current counsel of record, filed a timely petition under the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner claims that the flu vaccine caused her to develop the new onset of seronegative rheumatoid arthritis ("RA")

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id*. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id*.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

with residual injuries lasting for more than six months and to the present day. *Id.*; *see also* Amended Petition filed May 26, 2016 (ECF No. 32) at ¶ 19.

After petitioner filed the claim, I directed the parties to both pursue the possibility of settlement and proceed on a litigation track. On February 26, 2015, petitioner filed Dr. Leonard Worten's first report in which he summarized petitioner's medical history and supported vaccine causation. Petitioner's Exhibit ("Pet. Ex.") 5. On May 2, 2016, petitioner filed Dr. Paul J. Utz's first report in which he opined that petitioner developed new onset seronegative RA as a direct result of the flu vaccination. Pet. Ex. 9. On November 14, 2016, respondent filed a report recommending against compensation pursuant to Vaccine Rule 4(c). Respondent's Report (ECF No. 40). Respondent also filed Dr. Mehrdad Matloubian's first report in which he questioned the diagnosis of RA and furthermore, opined that flu vaccine cannot cause that condition. Resp. Ex. A. On November 16, 2016, I encouraged further settlement discussions, but also allowed the parties to file supplemental expert reports. Order (ECF No. 46).

On April 17, 2017, petitioner filed Dr. Utz's second report. Pet. Ex. 20. On July 18, 2017, I set the case for an entitlement hearing, while continuing to encourage informal resolution. Hearing Order (ECF No. 66). On September 29, 2017, respondent filed Dr. Matloubian's second report. Resp. Ex. C. Respondent also filed Dr. J. Lindsay Whitton's first report. Resp. Ex. D. On February 24, 2018, petitioner filed Dr. Utz's third report. Pet. Ex. 76. On March 8, 2018, during a status conference, I reviewed the reports to date and again encouraged settlement. Order (ECF No. 78).

The case proceeded towards an entitlement hearing. On January 3, 2019, petitioner filed her pre-hearing brief (ECF No. 94). Respondent's deadline to file a pre-hearing brief was suspended during a lapse in DOJ appropriations lasting from December 22, 2018 – January 28, 2019. On January 30, 2019, during a pre-hearing status conference, I indicated that I would not require respondent to submit a pre-hearing brief or require the parties to submit a joint submission of the facts and issues that are stipulated and those that remained to be resolved. Order (ECF No. 102). On February 6, 2019, respondent filed a pre-hearing brief, which provides that "Dr. Matloubian now agrees that there is record evidence to support petitioner's diagnosis of seronegative rheumatoid arthritis." Resp. Pre-Hearing Brief (ECF No. 108) at 4-5. However, Dr. Matloubian (as well as Dr. Whitton and respondent) oppose compensation for other reasons detailed therein. *Id.* at 5-7.

On February 11-12, 2019, proceedings in an entitlement hearing took place in Boston, Massachusetts. Petitioner's counsel presented fact testimony from petitioner (with assistance from a translator), her daughter, and her son. Petitioner's counsel then presented expert testimony from Dr. Utz. Respondent cross-examined all of petitioner's witnesses but did not begin respondent's case. At the end of the time available, the parties and I determined it was necessary to reconvene for a continuation of the hearing. That has now been set for May 21-22, 2019 in San Francisco, California (for the convenience of the three expert witnesses, who are all based in California). *See* Order filed February 13, 2019 (ECF No. 125); Hearing Order filed February 28, 2019 (ECF No. 132), Transcript filed March 11, 2019 (ECF Nos. 134-35).

On March 12, 2019, petitioner filed the instant motion for an interim award of reasonable attorneys' fees and costs. Pet. Int. App. (ECF No. 136). She requests $120,223.70 in attorneys' fees and $60,203.04 in attorneys' costs, for a total interim request of $180,426.74. *Id.* at 1-2.[3] On March 22, 2019, respondent filed a response to petitioners' application for interim attorneys' fees and costs. Resp. Response (ECF No. 141). Respondent "leaves it to the Special Master's discretion to determine whether the statutory requirements for an award of attorneys' fees and costs are met" and if those requirements *are* met, to determine what award of attorneys' fees and costs would be reasonable. Resp. Response at 2. Petitioner has not filed a reply.[4] Thus, this matter is now ripe for review.

## II. Entitlement to Attorneys' Fees and Costs

### A. General Legal Standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1). The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012). In light of the lack of specific objections from respondent and my full review of the evidence, I find that this claim was filed with and has maintained good faith and reasonable basis to date.

### B. Interim Awards

Section 15(e) of the Vaccine Act permits an award of reasonable attorneys' fees and costs. In addition, the Vaccine Act permits interim attorneys' fees and costs. *See Avera*, 515 F.3d at 1352; *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). When a petitioner has yet to prove entitlement, the special master may grant an interim award of reasonable attorneys' fees and costs if the special master "determines that the petition was brought in good faith and there was a reasonable basis for the claim." § 15(e)(1)(B); *Sebelius v. Cloer*, 133 S. Ct. 1886, 1893 (2013). I find that this claim was brought in good faith and with a reasonable basis.

In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at

---

[3] Petitioner separates these costs out as $4,178.04 incurred directly by petitioner's counsel; $12,750.00 billed by Dr. Worden; and $43,275.00 billed by Dr. Utz. Pet. Int. App. at 1-2.

[4] Pursuant to Vaccine Rule 20, a petitioner has the right to file a reply within 7 days of a response to an application for attorneys' fees and costs. Please note that in a case (like this one) where respondent does not raise any specific objections and generally recommends that the special master exercise his discretion, the undersigned special master does not particularly need to receive a reply from the petitioner. However, petitioner may file a reply to raise additional arguments, if any exist, or simply to confirm that the matter is ripe for adjudication.

1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352. I do not routinely grant interim fee applications. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

I find an award of interim attorneys' fees and costs to be appropriate at this time. The claim has been pending in the Vaccine Program for almost five years and in fact, petitioner's counsel has been working to develop the claim for almost seven years. She has documented well over the threshold amounts for attorneys' fees and costs which I require before making interim awards. Petitioner's counsel has represented informally to myself, my law clerk, and respondent's counsel that continuing in this case without an interim award would cause substantial hardship to her firm. This representation is plausible given the small size of her firm.

I also recognize the likelihood that this case will not be resolved for some time. A continuation of the entitlement hearing is set for May 21-22, 2019 (which will generate additional fees and costs). This will likely be followed by post-hearing brief and an opinion on entitlement. If petitioner is found entitled to compensation, it will take additional time to resolve damages. For these reasons, I find it appropriate to award interim attorneys' fees and costs at this time.

### III.   Reasonable Attorneys' Fees and Costs

#### A.  Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required.

*Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### B. Hourly Rates

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2015-2016, 2017, 2018, and 2019 can be accessed online.[5]

In this case, petitioner asks that her attorney of record, Ms. Elaine Sharp, receive $370 per hour for work performed in 2012, with increases to $380 in 2013 and 2014, $390 in 2015, $415 in 2016, $424 in 2017, $455 in 2018, and $464 in 2019. *See* Pet. Int. App., Tab 1. Petitioner requests that attorney Mr. Randy M. Hitchcock also receive $464 for his limited work related to the entitlement hearing in 2019. *Id.* at 90, 97-99. These requested rates are not addressed in petitioner's application or any supporting affidavits or other materials.

I have only had occasion to award attorneys' fees and costs to Ms. Sharp and Mr. Hitchcock in the context of a fee stipulation jointly submitted by the petitioner and the respondent. *Copperthite v. Sec'y of Health & Human Servs.*, No. 11-457V, 2015 WL 7074699 (Fed. Cl. Spec. Mstr. Oct. 20, 2015); *Edgar v. Sec'y of Health & Human Servs.*, No. 14-1098V, 2015 WL 6797405 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Since I issued *McCulloch*, other special masters have had occasion to review Ms. Sharp and Mr. Hitchcock's attorneys' fees. They have been found entitled to forum rates, since they practice in the Boston, Massachusetts metropolitan area (like the attorneys at issue in *McCulloch*). However, Ms. Sharp and Mr. Hitchcock's requested rates have been repeatedly reduced. *See, e.g.*, *Keenan v. Sec'y of Health & Human Servs.*, No. 17-189V, 2018 WL 2772307 (Fed. Cl. Spec. Mstr. May 2, 2018); *Peterson v. Sec'y of Health & Human Servs.*, No. 16-1296V, 2018 WL 1310875 (Fed. Cl. Spec. Mstr. Feb. 8, 2018); *Sclafani v. Sec'y of Health & Human Servs.*, No. 16-737V, 2017 WL 5381271 (Fed. Cl. Spec. Mstr. Oct. 11, 2017); *Lemaire v. Sec'y of Health & Human Servs.*, No. 13-681V, 2016 WL 5224400 (Fed. Cl. Spec. Mstr. Aug. 12, 2016).

I do not see reason to diverge from these past decisions. Accordingly, Ms. Sharp is awarded $370 per hour for 2012, followed by increases to $380 for 2013-2015, $390 for 2016,

---

[5] United States Court of Federal Claims – OSM Attorneys' Forum Hourly Rate Fee Schedules, available at http://www.cofc.uscourts.gov/node/2914 (last accessed on March 25, 2019).

$400 for 2017, and $423 for 2018.[6]  For 2019, Ms. Sharp is awarded $456[7] and Mr. Hitchcock is awarded $415.[8]  **This results in a deduction of $4,638.65 from the fee request.**

### C. Hours Expended

As previously noted, a line-by-line evaluation of the fee application is not required and will not be performed.  *Wasson*, 24 Cl. Ct. at 484.  Rather, I may rely on my experience to evaluate the reasonableness of hours expended.  *Id.*  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  *Saxton*, 3 F.3d at 1521.

In this case, petitioner has also provided one chronological list of the entries from all individuals above, which is helpful while evaluating whether the total hours expended are reasonable.  Pet. Int. App., Tab 2.  The billing record provides the date, detailed description(s) of the task(s) performed, the requested rate, and time expended.  Based on my experience and my familiarity with the work performed in this case, the attorneys' fees requested are generally reasonable.  However, there are some grounds for reduction.

First, Ms. Sharp consistently billed simple tasks, such as reviewing non-PDF orders that grant extensions of time or set straightforward deadlines, in increments of at least two-tenths of an hour.  *See, e.g.*, Pet. Int. App., Tab 2 at 13, 17, 18-19, 20, 21, 22, 27, 28, 52, 53, 55, 68, 92 100.  In the undersigned's experience, tasks of this nature are typically billed at 0.1 hours, if they are billed at hours.  Billing in minimum increments greater than 0.1 hours is not permitted in the Vaccine Program.  *See, e.g.*, *Sheridan v. Sec'y of Health & Human Servs.*, No. 17-669V, 2019 WL 948371, at *3 (Fed. Cl. Spec. Mstr. Jan. 31, 2019).

Additionally, Ms. Sharp and Mr. Hitchcock both billed their full 2019 rate for travel to and from the entitlement hearing.  *See* Pet. Int. App., Tab 2 at 97-100.  The Vaccine Program consistently awards travel time at 50% of an attorney or expert's regular billing rate, absent proof that the individual was working during that time.  *See, e.g., Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *see also O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *18-19 (Fed. Cl. Spec. Mstr. April 28, 2015) (reducing a life care planner's rate for travel time).  **For these issues, I will deduct 2% of the fees requested, which calculates to $2,326.95.**

---

[6] *See* OSM Hourly Rate Fee Schedule for 2018.  Special masters have found the Producer Price Index – Offices of Lawyers ("PPI-OL") to be persuasive as a measure of inflation when recalculating *McCulloch* rates for work performed in subsequent years.  Here, in the absence of any further information or arguments, I find the PPI-OL to be persuasive in setting the individuals' new rates for 2018 (and 2019, as addressed in a footnote below).  On the fee schedule, the following formula is provided: ([2017 rate] x [PPI-OL index for 2017]) / [PPI-OL index for September 2015] = [2018 rate].  Accordingly, Ms. Sharp's 2018 rate is as follows: ($400 x 211.4) / 200 = $422.80, rounded up to $423.00.

[7] *See* OSM Hourly Rate Fee Schedule for 2019.  On the fee schedule, the following formula is provided: ([2018 rate] x [PPI-OL index for 2017]) / [PPI-OL index for September 2015] = [2019 rate].  Accordingly, Ms. Sharp's 2019 rate is as follows: ($423 x 215.8) / 200 = $456.40, rounded down to $456.

[8] Mr. Hitchcock's 2019 rate is as follows: ($385 x 215.8) / 200 = $415.41, rounded down to $415.

### D. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira*, 27 Fed. Cl. 29, 34. Here, petitioner requests $60,203.04 in interim attorneys' costs including, *inter alia*, the costs associated with the filing fee, medical records, color photocopies and postage. The bulk of the costs are for the opinions of several experts, who provided well-organized and detailed reports and testimony in the case. Pet. Int. App., Tabs 2-5. The Court recognizes that the burden of carrying these substantial costs, particularly in a small firm, can be quite heavy. If the experts have devoted considerable work on a case and have been awaiting payment for a prolonged period of time, the Court should recognize these facts and award the expert costs on an interim basis. In this case, the costs are reasonable and adequately documented. Thus, they will be awarded.

## IV. Conclusion

In accordance with the foregoing, petitioners' application for *interim* attorneys' fees and costs is **GRANTED**. I find that she is entitled to the following reasonable attorneys' fees and costs at this time:

| | |
|---|---|
| Interim Attorneys' Fees Requested: | $120,223.70 |
| *Reduction for attorney rates:* | - $ 4,638.65 |
| Adjusted request: | $115,585.05 |
| *2% reduction for billing practices and travel:* | - $ 2,311.70 |
| **Interim Attorneys' Fees Awarded:** | **$113,273.35** |
| | |
| **Interim Attorneys' Costs Awarded:** | **$60,203.04** |
| | |
| **Interim Attorneys' Fees and Costs Awarded:** | **$173,476.39** |

Accordingly, I award the following:

1) **A lump sum in the amount of $173,476.39, representing reimbursement for *interim* attorneys' fees and costs, in the form of a check payable jointly to petitioner and her counsel, Elaine W. Sharp of Whitfield, Sharp & Sharp, LLC.**

In the absence of a motion for reconsideration or review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[9]

**IT IS SO ORDERED.**

                                        **s/Thomas L. Gowen**
                                        Thomas L. Gowen
                                        Special Master

---

[9] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).