# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: June 30, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| NORMA MONGE-LANDRY, * | | |
| * | | No. 14-853V |
| Petitioner, * | | |
| v. * | | Special Master Gowen |
| * | | |
| SECRETARY OF HEALTH * | | Interim Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, * | | Paralegal Tasks; Unreasonable |
| * | | Billing; Unnecessary Travel Time; |
| Respondent. * | | Unnecessary Travel Costs. |
| * * * * * * * * * * * * * * * * * * | | |

*Elaine W. Sharp*, Whitfield, Sharp & Sharp, LLC, Marblehead, MA, for petitioner.
*Camille C. Collett*, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On April 21, 2020, Norma-Monge-Landry ("petitioner") filed a motion for a second interim award of attorneys' fees and costs. Petitioner's Second Interim Application ("Pet. Second Int. App.") (ECF No. 170). For the reasons discussed below, I hereby **GRANT** the motion and award a total of $145,770.90.

### I.  Procedural History

Petitioner received a seasonal influenza ("flu") vaccination on September 19, 2011. On May 19, 2014, petitioner, through her current counsel of record, filed a timely petition under the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). I have previously granted one award of interim attorneys' fees and costs. That decision summarized the prior

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id*. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id*.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

procedural history including the entitlement hearing proceedings in Boston, MA on February 11-12, 2019.  I awarded attorneys' fees incurred up to March 12, 2019, and expert fees and costs incurred up to December 30, 2018.  *Monge-Landry v. Sec'y of Health & Human Servs.*, No. 14-853v, 2019 WL 1771988 (Fed. Cl. Spec. Mstr. March 26, 2019).  At that time, a continuation of the entitlement hearing was scheduled to take place in San Francisco, CA on May 21-22, 2019.  *Id.* at *2.

On April 24, 2019, a status conference was held at the request of petitioner's counsel, who requested to reschedule the continuation of the entitlement hearing because she had not received the check for the first award of interim attorneys' fees and costs.  I declined to do so.  Scheduling Order entered April 25, 2019 (ECF No. 146).

On May 14, 2019, I convened a pre-hearing status conference during which logistical issues and respondent's request for outstanding medical records were discussed.  Scheduling Order entered May 14, 2019 (ECF No. 152).

The entitlement hearing was reconvened in San Francisco, California on May 21-22, 2019 in San Francisco, California (for the convenience of the three expert witnesses, who are all based in California).  *See* Transcript (ECF Nos. 159-60).  I allowed respondent to file any supplemental expert reports addressing articles referenced by Dr. Utz during the hearing by June 28, 2019.  *See* Scheduling Order entered June 10, 2019 (ECF No. 157); Scheduling Order entered June 14, 2019 (Non-PDF).  Respondent did not do so.

As discussed at the conclusion of the entitlement hearing in San Francisco, my impression was that the parties and their respective experts could come to agreement on numerous key facts and scientific/ medical concepts necessary to the correct resolution of this complex case drawing from the record and the transcripts.  Accordingly, I directed the parties to file a *joint* post-hearing submission within 120 days after the transcript from San Francisco was entered on the docket, by October 15, 2019.  Scheduling Order entered June 10, 2019 (ECF No. 157); Scheduling Order entered June 14, 2019 (Non-PDF).  The parties have received several extensions of time to complete this task.  The current deadline is for petitioner to convey the proposed joint post-hearing submission to respondent by July 27, 2020, and for respondent to propose a deadline for completion within 30 days thereafter.  *See generally* ECF Nos. 161-69, 171, 173.

On April 21, 2020, petitioner filed the instant motion for a second interim award of reasonable attorneys' fees and costs.  Pet. Second Int. App. (ECF No. 170).  She requests $46,785.50 in attorneys' fees (incurred from March 12, 2019 to July 14, 2019) and $104,317.74 in attorneys' costs including expert fees and costs (incurred from January 1, 2019 to July 14, 2019).[3]  *Id.* at 1-2.  On May 22, 2020, respondent filed a response to petitioners' application for interim attorneys' fees and costs.  Resp. Response (ECF No. 172-1).  Respondent "leaves it to the Special Master's discretion to determine whether the statutory requirements for an award of attorneys' fees and costs are met" and if those requirements *are* met, to determine what award of

---

[3] Petitioner separates these out as $7,217.42 in costs incurred directly by petitioner's counsel; $94,275.16 in Dr. Utz's fees in relation to the entitlement hearing; and $2,825.16 in costs incurred by Dr. Utz.  Pet. Int. App. at 1-2.

attorneys' fees and costs would be reasonable. Resp. Response at 2. Petitioner has not filed a reply.[4]  Thus, this matter is now ripe for review.

## II.   Entitlement to Attorneys' Fees and Costs

### A.  General Legal Standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1). The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012). In light of the lack of specific objections from respondent and my full review of the evidence, I find that this claim was filed with and has maintained good faith and reasonable basis to date.

### B.  Interim Awards

Section 15(e) of the Vaccine Act permits an award of reasonable attorneys' fees and costs. In addition, the Vaccine Act permits interim attorneys' fees and costs. *See Avera*, 515 F.3d at 1352; *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). When a petitioner has yet to prove entitlement, the special master may grant an interim award of reasonable attorneys' fees and costs if the special master "determines that the petition was brought in good faith and there was a reasonable basis for the claim." § 15(e)(1)(B); *Sebelius v. Cloer*, 133 S. Ct. 1886, 1893 (2013). I find that this claim was brought in good faith and with a reasonable basis.

In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352. I do not routinely grant interim fee applications. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

---

[4] Pursuant to Vaccine Rule 20, a petitioner has the right to file a reply within 7 days of a response to an application for attorneys' fees and costs. Please note that in a case (like this one) where respondent does not raise any specific objections and generally recommends that the special master exercise his discretion, the undersigned special master does not particularly need to receive a reply from the petitioner. However, petitioner may file a reply to raise additional arguments, if any exist, or simply to confirm that the matter is ripe for adjudication.

Petitioner has already received one interim award of attorneys' fees and costs. Petitioner has filed this second application for a second award of attorneys' fees and costs approximately fourteen (14) months afterwards, which requests well more than $30,000 in attorneys' fees and more than $15,000 in costs (most significantly expert fees). These are associated with the continuation, for two additional days in a different geographic location, of an entitlement hearing. Such a continuation of an entitlement hearing is not ideal, but was unfortunately necessary in this case due to the complex issues presented and the challenges of time management experienced by all involved. This continuation contributed to additional expense and delay in resolution of the case. That said, all participants, particularly the experts, have contributed greatly to my understanding of the issues and I hope that they can produce a joint post-hearing submission that will inform a good result in this case. I do not want delayed payment of the fees and costs, particularly those billed by petitioner's expert immunologist, to stand in the way of that goal. Accordingly, I find it appropriate to award further interim attorneys' fees and costs.

### III.  Reasonable Attorneys' Fees and Costs

#### A.  Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### B. Hourly Rates

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2015 - 2020 can be accessed online.[5]

In this case, petitioner requests hourly rates of $456.00 for her attorney of record, Ms. Elaine Sharp and $415.00 for Mr. Randy M. Hitchcock in 2019. *See* Pet. Second Int. App., Tab 1. I approved these rates in the first decision on interim attorneys' fees and costs in this case and will maintain them for this additional work in the same year.

### C. Hours Expended

As previously noted, a line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

The present fee application is for hours expended primarily by Ms. Sharp and secondarily by Mr. Hitchcock from March 12, 2019 to July 14, 2019 (which includes the continuation of the entitlement hearing on May 21-22, 2019). *See generally* Pet. Second Fee App. – Tab 1. The majority of tasks are described in sufficient detail to be reviewed and appear reasonable.

However, there are several issues that merit a reduction from the fee request. First, attorneys often delegate appropriate tasks to paralegals. An attorney may be compensated for paralegal-type work, but only at a paralegal rate. *See, e.g.*, *Doe/11 v. v. Sec'y of Health & Human Servs.*, No. XX-XXV, 2010 WL 59425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535v, 20008 WL 747914, at *5-7 (Dec. 23, 2008). Here, on March 16, 2019, Ms. Sharp billed 0.5 hours for "prepar[ing] and fil[ing] additional medical records." She recorded that this task should be billed at a paralegal rate, but then inadvertently billed her regular attorney rate of $456.00 per hour, for a total of $228.00. Pet. Second Fee App. – Tab 1 at 3. I agree that preparing and filing medical records constitutes a task that should be billed at a paralegal rate, particularly when the attorney has already billed separately at her regular rate for reviewing the records, as Ms. Sharp did here. The same goes at least a portion of Ms. Sharp's entry of 0.5 hours including both preparation and

---

[5] United States Court of Federal Claims – OSM Attorneys' Forum Hourly Rate Fee Schedules, available at http://www.cofc.uscourts.gov/node/2914.

filing of additional medical records, as well as follow up with the petitioner. *Id.* at 11.

Similarly, a paralegal rate should be applied to at least a portion of Ms. Sharp's entry on March 16, 2019 of 0.5 hours spent "uploading filed version of recently obtained medical records to Dropbox (too large to email); prepared and sent cover email to Dr. Utz re: medical records newly uploaded; also attached the order with exact location for hearing in May." Pet. Second Fee App. – Tab 1 at 3. The same goes for the following entry on May 11, 2019 of 3.0 hours: "EWS extracted pages from exhibits referenced in direct for use at hearing; organized in a way to make it most productive and easy for hearing." *Id.* at 8.

As noted above, counsel should "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. at 434. I have noticed certain minor entries that should have been excluded. First, Ms. Sharp billed three entries totaling 1.0 hour for scheduling, participating, and reviewing a subsequent order related to a status conference on April 24, 2019. Pet. Second Fee App. – Tab 1 at 6. As noted above in the procedural history, this status conference was requested by Ms. Sharp because she had not received the first interim attorneys' fees and costs check and as a result, she requested to reschedule the continuation of the entitlement hearing. I do not find it reasonable for Ms. Sharp to both raise this complaint (which was promptly addressed by the Court) and then bill for it. The same goes for Ms. Sharp's entry on July 11, 2019 of 0.1 hours spent exchanging emails with my law clerk "re: confusion over a status conference." Pet. Second Fee App. – Tab 1 at 18. This pertains to Ms. Sharp's inadvertent calendaring of a status conference that had already occurred on July 11, *2018*, *see* Status Conference Order entered on June 25, 2018 (Non-PDF). Again, counsel's concern was promptly addressed; it is excessive to also bill for this issue.

I also find that petitioner's counsel billed excessive and/or unnecessary hours travelling in relation to the continuation of the entitlement hearing on May 21-22, 2019. Ms. Sharp and Mr. Hitchcock billed the time spent flying from Boston, Massachusetts (where their law firm is based) to Sacramento, CA. Pet. Second Fee App. – Tab 1 at 11-12. They both billed to travel a further 3.5 hours to San Francisco, California (where the continuation of the entitlement hearing was held). *Id.* at 12-13. Mr. Hitchcock took a return flight out of San Francisco, but Ms. Sharp drove back 3.5 hours to Sacramento, from which she flew back to Boston. *Id.* at 16. The fee application does not aver that it was reasonable for counsel to travel through Sacramento. In fact, Ms. Sharp initially requested to hold the entitlement hearing at a federal courthouse in Sacramento, to allow her to visit her mother who was terminally ill, and who has since passed away. While expressing my sincere condolences to counsel, it is not reasonable to bill the Vaccine Program for time (or costs, as addressed below), that were not necessary and directly related to this claim. I have previously deducted such fees and/or costs. *See, e.g.*, *Anderson v. Sec'y of Health & Human Servs.*, No. 14-879v, 2020 WL 3495950 (Fed. Cl. Spec. Mstr. May 22, 2020); *Forrest v. Sec'y of Health & Human Servs.*, No. 10-32v, 2018 WL 3029330 (Fed. Cl. Spec. Mstr. May 22, 2018).

**For the foregoing reasons and in the interest of rough justice, I find it appropriate to deduct 10%, or $4,678.55, from the fee request.**

### D. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira*, 27 Fed. Cl. 29, 34. Here, petitioner requests $104,317.74 in interim attorneys' costs. These are separated into the costs stemming directly from petitioner's counsel and from her expert Dr. Utz.

Petitioner's counsel requests $7,217.42 in interim costs. Pet. Second Fee App. – Tab 2 at 1. A good proportion of these costs – including round-trip airfare, baggage charges associated with case files, accommodations and meals in San Francisco limited to the dates of the entitlement hearing, and obtaining the hearing transcript - are adequately documented and reasonable.

However, additional costs incurred as a result of counsel's personal choice to fly into Sacramento, then travel to San Francisco where the hearing was located, are unreasonable. *See generally* Pet. Second Fee App. – Tab 2. I will award the requested costs of the airfare and baggage charges to Sacramento, as it is likely difficult to determine what it would have cost to fly instead to San Francisco, particularly after the fact and in light of the COVID-19 pandemic's continued disruption of the airline industry. However, I will not award the costs for renting a car ($294.61), gasoline ($78.68; $25.43; $17.78), additional meals purchased during counsel's travel round-trip from Sacramento to San Francisco ($13.33; $3.90; $4.28); and Mr. Hitchcock's need to change his flight and travel separately out of San Francisco when he fell unexpectedly ill on the second day of the hearing ($109.00; $106.78). *Id.* at 2-6. **This results in a deduction of $653.79 from the fee request.**

Petitioner's expert Dr. Utz requests fees in the amount of $91,450.00. Pet. Second Fee App. – Tab 3 at 6. This represents an hourly rate of $500.00, which I and other special masters have previously found to be reasonable for Dr. Utz. *Monge-Landry*, 2019 WL 1771988; *see also, e.g.*, *Parker v. Sec'y of Health & Human Servs.*, No. 14-979v, 2020 WL 1304182 (Fed. Cl. Spec. Mstr. Feb. 7, 2020); *Pankiw v. Sec'y of Health & Human Servs.*, No. 15-1082v, 2019 WL 6125005 (Fed. Cl. Spec. Mstr. Oct. 21, 2019); *Tetlock v. Sec'y of Health & Human Servs.*, No. 10-56v, 2017 WL 5664257 (Fed. Cl. Spec. Mstr. Nov. 1, 2017). Dr. Utz billed 182.9 hours from January 1, 2019 to May 23, 2019 (which includes preparation, travel, and participation in both the original two-day entitlement hearing in Boston and the two-day continuation in San Francisco). Based on Dr. Utz's detailed invoices and my recollection of his testimony, I find that this accurately reflects the time he dedicated to this case and is reasonable. Accordingly, Dr. Utz's invoices will be paid in full.

Dr. Utz also billed $2,825.16 in costs associated with the proceedings in Boston and San Francisco. Pet. Second Fee App. – Tab 3 at 7-16. These costs are adequately documented and reasonable and as a result, will be paid in full.

### IV. Conclusion

In accordance with the foregoing, petitioners' application for *interim* attorneys' fees and costs is **GRANTED**. I find that she is entitled to the following reasonable attorneys' fees and costs at this time:

| | |
|---|---|
| Interim Attorneys' Fees Requested: | $46,785.50 |
| 10% Reduction for Issues Detailed Above: | - $4,678.55 |
| **Interim Attorneys' Fees Awarded:** | **$42,106.95** |
| | |
| Interim Attorneys' Costs Requested: | $104,317.74 |
| Reduction for Unnecessary Travel Costs: | - $   653.79 |
| **Interim Attorneys' Costs Awarded:** | **$103,663.95** |
| | |
| **Interim Attorneys' Fees and Costs Awarded:** | **$145,770.90** |

Accordingly, I award the following:

1) **A lump sum in the amount of $145,770.90, representing reimbursement for *interim* attorneys' fees and costs, in the form of a check payable jointly to petitioner and her counsel, Elaine W. Sharp of Whitfield, Sharp & Sharp, LLC.**

In the absence of a motion for reconsideration or review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[6]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[6] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).

[7] As an additional note it is observed that petitioner's counsel has been awarded substantial fees in this case to date. While I recognize that I have assigned a significant additional task to both sides to come to agreement on as much of the complex topics as possible and file a joint post-hearing submission in this case, petitioner's counsel is strongly encouraged to work efficiently and in a timely manner to complete this task in the near future.